UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO PACIFICVU LLC, *ET AL.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>EARL WADE, *ET AL.*,<br><br>        Defendants. | Case No.  15-cv-00181-BAS(RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2); AND**<br><br>**(2) *SUA SPONTE* REMANDING THIS ACTION TO SUPERIOR COURT** |

Defendant Earl Wade ("Defendant"), proceeding *pro se*, has filed a Notice of Removal (ECF No. 1 ("Notice")), along with a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2).  Defendant has not paid the civil filing fee required to commence the action in this Court.  For the reasons stated herein, the Court **GRANTS** the motion to proceed IFP, and *sua sponte* **REMANDS** this action to San Diego Superior Court for lack of subject matter jurisdiction.

I.  **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing

fee of $350.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a party's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Court has reviewed Defendant's affidavit of assets and finds the affidavit sufficiently shows that he is unable to pay the fees or post securities required to maintain this action.  Defendant is not currently employed and has no checking or savings accounts.  He also does not own property or a car and claims monthly debts of $550.  Accordingly, the Court **GRANTS** Defendant's motion to proceed IFP.

## II.     SUBJECT MATTER JURISDICTION

### A.     Legal Standard

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Id.* (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*  (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566 (citations omitted); *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712

---

[1]     In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).  Courts may consider the issue *sua sponte*.  *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

### B.   Factual Background

The Complaint brings one state law cause of action for unlawful detainer against Defendants Earl Wade and Karla Auzu.  (Compl. at p. 1.)  The Complaint alleges that on or about January 10, 2011, Defendants Earl Wade and Karla Auzu entered into a six month lease and agreed to pay monthly rent of $1,200.  (*Id*. at ¶ 6(a).)  On July 12, 2011, the agreement became a month-to-month rental and rent was increased to $1,225 as the tenants began using a storage unit as part of the rental.  (*Id*. at ¶ 6(d).)  On October 31, 2014, Defendants were served with a 3-day notice to pay rent or quit.   (*Id*. at ¶ 7(a).)  Plaintiffs are seeking less than $10,000 for nonpayment of rent.  (*Id*. at p. 1 & ¶ 6(f).)  Defendant states in his Notice of Removal that he is now a "former tenant of the premises."  (Notice at p. 2.)

### C.   Analysis

Defendant seeks to remove this unlawful detainer action brought against him by Plaintiffs San Diego Pacificvu LLC and Greg Hinchy in state court.  Thus, the Court must determine whether there is either diversity or federal question jurisdiction.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Defendant

1  contends there is federal question jurisdiction. The burden is on Defendant to
2  establish grounds for federal jurisdiction. *Gaus*, 980 F.2d at 566.

3  "Any civil action" commenced in state court is removable if the "complaint
4  contains a cause of action that is within the original jurisdiction of the district
5  court." 28 U.S.C. § 1441(a); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039,
6  1042 (9th Cir. 2009) (citation omitted). Federal district courts have "original
7  jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the
8  United States." 28 U.S.C. § 1331. "A case arise[es] under federal law within the
9  meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal
10 law creates the cause of action or that the plaintiff's right to relief necessarily
11 depends on resolution of a substantial question of federal law." *Empire*
12 *Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (internal
13 quotation marks omitted). Federal jurisdiction cannot be predicated on an actual or
14 anticipated defense, including the defense of preemption, or an actual or anticipated
15 counterclaim. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Berg v.*
16 *Leason*, 32 F.3d 422, 426 (9th Cir. 1994); *Hunter*, 582 F.3d at 1042-43.

17 In this case, it is clear from the Notice of Removal and state court Complaint
18 that there is no basis for federal jurisdiction. There is no federal question
19 jurisdiction because the Complaint does not assert any claims "arising under the
20 Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. The
21 Complaint only alleges one state law cause of action for unlawful detainer. This
22 Court has no jurisdiction over unlawful detainer actions, which are brought
23 pursuant to state law and fall strictly within the province of the state court. *See*
24 *Deutsche Bank Nat. Trust Co. v. Dolan*, No. 14-cv-2591, 2014 WL 6670779, at *2
25 (E.D. Cal. Nov. 21, 2014).

26 In the Notice of Removal, Defendant claims the Complaint, while styled as
27 an unlawful detainer action, actually asserts a federal question under the Protecting
28 Tenants at Foreclosure Act 2009 ("PTFA"). (Notice at pp. 2-5.) Defendant claims

his tenancy is protected by federal law because Section 702(a)(2) of the PTFA "makes the purchase at the foreclosure sale subject to the rights of the existing bonafide tenants." (*Id*. at pp. 2-3.) There are two main problems with this claim. First, there is no allegation in the Complaint that the property at issue is subject to foreclosure. Therefore, on the face of the Complaint, the PTFA does not appear relevant. Second, the PTFA does not provide a private right of action. *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1173 (9th Cir. 2013). The PTFA was "intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Id*. Thus, this is not an action that could have originally been brought in federal court, and, to the extent Defendant intends to assert the PTFA as a defense, this is insufficient to create jurisdiction.

Therefore, federal question jurisdiction does not exist. Because this Court does not have subject matter jurisdiction, this case is not removable.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for IFP. (ECF No. 2.) The Clerk of Court shall therefore file the Notice of Removal without prepayment of the filing fee. However, as the Court lacks subject matter jurisdiction, the Court *sua sponte* **REMANDS** this action to San Diego Superior Court.

**IT IS SO ORDERED.**

**DATED: February 11, 2015**

Hon. Cynthia Bashant
United States District Judge